UNITED STATES DISTRICT COURT                    Index No.  2012 CV 2300
EASTERN DISTRICT OF NEW YORK                          (FB) (ML)
-------------------------------------------------------------------x
BARBARA MCFADDEN,                                        AMENDED
                                    Plaintiff,          VERIFIED
            -against-                                   COMPLAINT

THE CITY OF NEW YORK, (INCLUDING THE
FOLLOWING DEPARTMENTS, AGENCIES AND
ENTITIES THEREOF- THE NEW YORK CITY
POLICE DEPARTMENT (NYPD), THE NEW YORK
CITY HOUSING AUTHORITY (NYCHA),
DEPARTMENT OF EDUCATION (DOE)),
DORIS ZENO, Individually and/or in her official/
quasi-employee status for NYCHA (Nostrand Housing
Resident's Association) and as a member of their security
personnel, POLICE OFFICER CLIVE A. THOMAS
AND POLICE OFFICERS "JOHN DOE 1-4",
                                    Defendants.
-------------------------------------------------------------------x

## INTRODUCTORY STATEMENT

1.      This is an action for damages sustained by plaintiff BARBARA MCFADDEN,

(hereinafter referred to as MCFADDEN or plaintiff) against the CITY of NEW YORK

(hereinafter referred to as the CITY), the NEW YORK CITY POLICE DEPARTMENT,

(hereinafter referred to as NYPD, including New York City Housing Authority Police

hereinafter referred to as NYPD or NYCHA Police), NEW YORK CITY HOUSING

AUTHORITY (hereinafter referred to as NYCHA) who through its supervisors,

employees, police officers, quasi-employees, agents and/or assigns who unlawfully

assaulted, arrested, prosecuted and harassed BARBARA MCFADDEN; for personal

injuries suffered, emotional distress and loss of income and arising from the unlawful acts

of the defendants, and against the CITY, as the supervisory body responsible for the

conduct of the defendants and for its failure to take corrective action with respect to

police personnel for their failure to act, etc. whose vicious propensities were notorious, to

assure proper training and supervision of the personnel, or to implement meaningful

procedures to discourage lawless official conduct, same which is/are sued as a "person"

under Title 42 USC 1983; and the actions of the NYPD and NYCHA in continuing to

prosecute a criminal case against BARBARA MCFADDEN; in failing to prosecute a

case against the individual defendant DORIS ZENO, who is acting either in her employee or quasi-employee status for and with the NYCHA and/or as a supervisor of Tenant Patrol at NOSTRAND HOUSING and/or as former president of NOSTRAND HOUSING RESIDENT'S ASSOCIATION, which is a tenant organization duly authorized by NYCHA to act as a tenant's voice in the operation, management, control and supervision of a public housing complex owned and operated by NYCHA known as the NOSTRAND HOUSING located in Kings County, City and State of New York. police officers/detectives , POLICE OFFICER THOMAS AND POLICE OFFICERS "JOHN DOE" 1-4 who are the actual perpetrators, culprits, etc. and/or fail to remedy the severe penalties/ conditions issued against plaintiff including the initial arrest of BARBARA MCFADDEN even though there was no evidence to base a criminal prosecution and/or failed to prosecute and/or arrest the perpetrators ZENO, POLICE OFFICER THOMAS AND POLICE OFFICERS "JOHN DOE" 1-4; including but not limited to the fact that the NYPD, NYCHA having done nothing whatsoever to turn over the tape of the arrest of the plaintiff herein which resulted in mental and emotional distress to the plaintiff and her family; plaintiff seeks recovery for her aforesaid damages, attorney's fees, etc.

2.      Through their negligence and/or their negligent failure to act and/or as to the NYPD to take reasonable and prudent steps required since on or about 5/10/11.

JURISDICTION

3.      This action arises under Sections 1983 and 1988 of Title 42 of the United States Code, and the First, Fourth, and Eighth Amendments to the Constitution of the United States, and under the Constitution of the State of New York and the laws of the State of New York and the case law arising thereunder in similar 1983 matters.

PARTIES

4.      At all times relevant to the allegations of this complaint, plaintiffs

BARBARA MCFADDEN is an individual residing at 3023 Avenue X, Apt. 5B, Brooklyn, NY 11235, which is in the Eastern district of New York.

5.      That at all times hereinafter mentioned, the defendants THE CITY OF NEW

YORK (CITY) and/or its subdivisions, agency(s) or departments NEW YORK CITY

POLICE DEPARTMENT (NYPD), including NEW YORK CITY HOUSING

AUTHORITY POLICE (hereinafter referred to as NYPD), NEW YORK CITY

HOUSING AUTHORITY (NYCHA), THE BOARD OF EDUCATION/

DEPARTMENT OF EDUCATION OF NEW YORK (hereinafter referred to as DOE)

was is/are and still is/are a domestic and public benefit corporations, organized and

existing under and by virtue of the laws of the State of New York. That the CITY has

authorized the Corporation Counsel to accept service at their offices for the CITY and its

said subdivisions, agencies and departments; including NYCHA, NYPD and/or DOE or

any other City agency or entity that is liable and/or named in this case e.g. Nostrand

Housing Resident's Association (hereinafter referred to as Nostrand Housing).

6.      That NYCHA, NYPD and/or DOE is/are on information and belief each a CITY

agency(s), subdivision(s), or department(s) owned, operated and/or subject to directives

of the defendant CITY.

7.      That the NYPD and/or NYCHA police is on information and belief is a CITY

agency(s), subdivision(s), or department(s) owned, operated and/or subject to directives

of the defendant CITY, and is part of the NYPD.

8.      That NYCHA and/or Nostrand Housing Resident's Association (a/k/a Nostrand

Houses Tenant's Association , 2242 Bragg Street, Apt. 6C, Brooklyn, NY 11229)

(hereinafter referred to as Tenant's Association, Nostrand Housing, Nostrand Houses

Tenant's Association and Nostrand Housing Resident's Association) on information and

belief is a CITY agency(s), subdivision(s), or department(s) owned, operated and/or

subject to directives of the defendant CITY. And named herein to delineate its actions as

a separate entity but a distinct part of the CITY and is referred to as a defendant with the designation that it is a part of the defendant CITY.

9.     That NYPD is on information and belief is a CITY agency(s), subdivision(s), or department(s) owned, operated and/or subject to directives of the defendant CITY. And named herein to delineate its actions as a separate entity but a distinct part of the CITY and is referred to as a defendant with the designation that it is a part of the defendant CITY.

10.     That DOE/BD. OF ED. is on information and belief a CITY agency(s), subdivision(s), or department(s) owned, operated and/or subject to directives of the defendant CITY. And named herein to delineate its actions as a separate entity but a distinct part of the CITY and is referred to as a defendant with the designation that it is a part of the defendant CITY. The DOE is designated by the CITY to be responsible for education of children in the CITY OF NEW YORK including but not limited to elementary, middle and high schools; and employment of teachers, principals, guidance counselors, supervisory staff and the like.

11.     Defendant CITY is responsible, under law, for enforcing the regulations of its departments/agencies and the like NYCHA, NYPD and DOE and the laws of the City and State of New York and for ensuring that employees, co-workers other NYCHA, NYPD and DOE personnel, City of New York personnel, etc. obey the laws of the State of New York and of the United States. At all times relevant hereto and in all their actions described herein, said defendant CITY, its departments/agencies and the like NYCHA, NYPD and DOE personnel, etc. pursuant to their authority as NYCHA, NYPD and DOE personnel.

12.     On information and belief DORIS ZENO (hereinafter referred to as ZENO or defendant) is a citizen of the City and State of New York and is/was employed by the CITY specifically by NYCHA and was negligent in the performance of her duties in regard to the instant matter. ZENO who is acting either in her employee or quasi-employee status for and with the NYCHA and/or as a supervisor of Tenant Patrol at NOSTRAND HOUSING/ NOSTRAND HOUSES and/or as former president of NOSTRAND HOUSING RESIDENT'S ASSOCIATION. NOSTRAND HOUSES A/K/A NOSTRAND HOUSING is a group of buildings owned and operated by NYCHA.

13.     On information and belief defendants DORIS ZENO is a citizen of the City and State of New York and/or resides in Kings County which is in the Eastern District of New York, the State of New York, at 2343 Batchelder Street, No. 1F, Brooklyn, NY 11229.

14.     On information and belief DORIS ZENO was/is a citizen of the City of New York, County of Kings, State of New York and maintains a residence in Kings County at 2343 Batchelder Street, No. 1F, Brooklyn, NY 11229, that was designated by defendants NOSTRAND HOUSING, NYCHA, CITY and/or their supervisors, employees and personnel and/or the defendants NYCHA and was in effect certified by those said defendants to be a proper representative (e.g. as supervisor of Tenant Patrol/Security; Former president of Tenant's Association).

15.     On information and belief POLICE OFFICER CLIVE A. THOMAS (hereinafter referred to as PO THOMAS), Shield 2973, 801 Command (Housing Police Precinct/NYPD), Housing police was/is a citizen of the City of New York, State of New

York and on information and belief maintains a residence in New York County that was designated qualified by defendants CITY, its departments/agencies and the like NYPD, and was in effect certified by those said defendants to be a qualified police officer.

16.    That at all times relevant to this complaint, or from and about 3/10/11 and thereafter, said defendants maintained and controlled in furtherance of its/their business by the said defendants, CITY and or its departments/agencies and the like NYCHA, NYPD and DOE in the Borough of Kings, City and State of New York; and was/were responsible for operating/controlling: its departments/agencies and the like NYCHA, NYPD and DOE courts, jails, police precincts, housing and public housing authority buildings, grounds, tenant's apartments, various and individual agencies, tenant's association (here the Nostrand Housing Resident's Associations a/k/a Nostrand Houses Tenant's Association) and the like, such as the CITY'S departments/agencies and the like NYCHA, NYPD and DOE, police, police precincts, and/or their personnel, employees, and supervisors including personnel, teachers,  principals, police officers, housing authority employees and/or was authorized/ empowered to provide education for children including but not limited to hiring entities, teachers, principals, substitute teachers and/or individuals to provide teaching and to provide for tenant input and representation and ensure tenant's rights.

17.    At all times relevant, defendant CITY, its departments/agencies and the like NYCHA, NYPD and/or DOE employees, supervisory personnel and the like, specifically defendants/perpetrators DORIS ZENO, NYCHA "SUPERVISOR" e.g. of Tenant Patrol and/or other NYCHA, NYPD and DOE or CITY police, teachers and/or NYPD workers as related herein and/or to the CITY and/or its attorneys including but not limited to

supervisors, employees, independent contractors, the officers, and/or staff, whose identities are presently unknown to plaintiffs and/or are on information and belief are/were NYCHA, NYPD and DOE or other CITY personnel, staff, detectives and/or officers employed by the NYCHA, NYPD and DOE and/or by the CITY OF NEW YORK were required, to perform duties in the CITY OF NEW YORK and elsewhere; At all times relevant, individual defendants above-named were acting in the capacity of agents, servants and employees of defendant CITY and are sued individually and/or in their official capacity.

18.    At all times relevant, the CITY and/or its departments/agencies and the like NYPD, NYCHA, DOE is/are a municipal corporation(s) duly formed under the laws of New York State, and/or an agency(s), subdivision(s) and/or department(s) of the City of New York is duly formed pursuant to law and/or is/are a domestic and public benefit corporation organized or existing under and by virtue of the laws of the State of New York and was the employer and supervisor of defendant NYCHA, NYPD, DOE supervisory staff and/or employees, supervisors, tenant patrol and/or NYCHA, NYPD, and/or DOE workers and/or detectives and/or officers. As such defendants the CITY'S departments/agencies and the like NYCHA, NYPD and DOE was/were responsible for training, supervision and conduct by said defendant CITY'S departments/agencies and the like NYCHA, NYPD and DOE supervisors, employees and/or personnel. Said defendants were also responsible, under law, for enforcing the regulations of the NYCHA, NYPD and DOE and/or the CITY OF NEW YORK and for ensuring that CITY, NYCHA and/or supervisory staff, employees and personnel, as well as police officers, doctors and NYCHA workers in the employ of the CITY obey the laws of the

State of New York and of the United States and prosecute and enforce said laws.

19.    At all times relevant defendant CITY, its departments/agencies and the like NYCHA, NYPD and DOE is/are a municipal corporation or subdivision thereof duly formed under the laws of New York State and/or an agency, subdivision, department, etc. of the defendant CITY OF NEW YORK and was duly formed pursuant to law and/or is a domestic and public benefit corporation organized or existing under and by virtue of the laws of the State of New York, and was the employer and supervisor of defendant police officers and/or ZENO.  As such, CITY, NYCHA, NYPD was responsible for training, supervision and conduct by said defendant employees, independent contractors and/or supervisory staff, personnel, and the like.  Defendant CITY was also responsible, under law, for enforcing the regulations of New York City and/or NYCHA, NYPD and for ensuring that CITY (City of New York) supervisors, employees and personnel obey the laws of the State of New York and of the United States and/or prosecute and enforce same.

20.    That the DOE, NYPD and/or NYCHA is/are on information and belief owned, operated and/or subject to directives of the defendant CITY.

21.    That at all times relevant to this complaint, or from 5/10/11 and thereafter, said defendants maintained and controlled in furtherance of its/their business by the said defendants, CITY and the CITY'S departments/agencies and the like NYPD, DOE and/or NYCHA in the Borough of Kings, City and State of New York; and was/were responsible for operating/controlling: jails, courts, police, police precincts, schools, public housing units and immediate areas and/or their personal employees, and etc., this would include the New York City Department of Education.

22.     At all times relevant, defendant CITY'S departments/agencies and the like NYPD employees, supervisory personnel and the like specifically perpetrators POLICE OFFICER THOMAS AND POLICE OFFICERS "JOHN DOE" 1-4, DORIS ZENO as supervisor of security/ Tenant Patrol of Nostrand Houses and/or other NYPD police officers, detectives, supervisors and/or personnel at the precinct in question and/or at NYCHA including but not limited to supervisors, the officers, and/or staff (whose identities are presently unknown to plaintiff and/or are on information and belief) were NYPD personnel, staff, detectives and/or officers employed by the NYPD and/or by New York City Police Department, to perform duties in the City of New York and elsewhere. At all times relevant, defendants above-named were acting in the capacity of agents, servants and employees of defendant City of New York and are sued individually and in their official capacity.

23.     At all times relevant, defendant CITY'S departments/agencies and the like NYPD, DOE and/or NYCHA was/were a municipal corporation(s) duly formed under the laws of New York State, and/or an agency, subdivision, department, etc. of the City of New York duly formed pursuant to law and/or is a domestic and public benefit corporation organized or existing under and by virtue of the laws of the state of New York and was the employer and supervisor of defendant CITY'S departments/agencies and the like NYPD, NYCHA and/or DOE supervisory staff, employees and/or detectives and/or officers.  As such, it (NYPD, NYCHA, DOE or CITY) was/were responsible for training, supervision and conduct by defendants'.  Said defendant was/were also responsible, under law, for enforcing the regulations of the NYPD and/or New York City Police Department and for ensuring that City of New York, NYPD, and/or supervisory

staff, and personnel, as well as police officers in the employ of the NYPD obey the laws

of the State of New York and of the United States and prosecute said laws.

24.      At all times relevant, defendant CITY'S departments/agencies and the like NYPD

was a municipal corporation duly formed under the laws of New York State and/or an

agency, subdivision, department, etc. of the City of New York duly formed pursuant to

law and/or is a domestic and public benefit corporation organized or existing under and

by virtue of the laws of the State of New York, and was the employer and supervisor of

defendant police officers.  As such, it was responsible for training, supervision and

conduct by defendants of its supervisory staff, personnel, officers, etc.  It was also

responsible, under law, for enforcing the regulations of the New York City Police

Department and for ensuring that City of New York police personnel obey the laws of the

State of New York and of the United States and/or prosecute same.

25.      At all times relevant, defendant POLICE OFFICER CLIVE A. THOMAS AND

POLICE OFFICERS "JOHN DOE 1-4" are employees of the NYPD and on information

and belief were in the employ of the NYPD and working and/or at the time of the illegal

detention and/or arrest of the plaintiff BARBARA MCFADDEN the names and

addresses of the said other perpetrators e.g. CITY'S departments/agencies and the like

NYPD, DOE and/or NYCHA personnel as to name and addresses are unknown to

plaintiffs and their counsel. Some are responsible, under law, for enforcing the

regulations of the NYPD and for ensuring that City of New York its

departments/agencies and the like NYPD, NYCHA and DOE supervisors, employees/

personnel, etc. obey the laws of the State of New York and of the United States. At all

times relevant hereto and in all their actions described herein, defendant NYPD,

NYCHA, DOE, supervisors, employers/ personnel, etc. were acting under color of law and pursuant to their authority as NYPD personnel.

<u>FACTUAL ALLEGATIONS</u>

26.    (a)    That the CITY'S departments/agencies and the like NYPD, DOE and/or NYCHA is/are on information and belief owned, operated and/or subject to directives of the defendant CITY. The plaintiff BARBARA MCFADDEN (hereinafter referred to as MCFADDEN or plaintiff) resides in New York City, in a NYCHA building and has been an officer of Nostrand Housing (Nostrand Houses Tenant's Association a/k/a Nostrand Housing Resident's Association) for several years. MCFADDEN was a substitute teacher in the employ of the DOE in good standing for 6 years at the same school, Middle School P.S. 327. From 2009 or prior thereto the plaintiff BARBARA MCFADDEN and DORIS ZENO were officers for the Nostrand Housing which is a tenant body that is elected by the tenants, who reside in the Nostrand Houses, a complex of buildings owned and operated by NYCHA and policed by NYCHA housing police which are now part of the NYPD. On information and belief DORIS ZENO held one or more positions as an official or quasi-official employee of NYCHA in and about the Nostrand Houses. That beginning in 2009 ZENO became abusive towards the plaintiff MCFADDEN and harassed and abused her. Specifically, on 5/10/11 ZENO tried to attack MCFADDEN physically on the premises of Nostrand Houses even though MCFADDEN is a tenant there and was the treasurer of Nostrand Houses; ZENO being the President at the time. ZENO attempted to hit MCFADDEN in the face and MCFADDEN fortunately blocked the blows to her head. MCFADDEN filed a notice of claim for said event that was notarized on 8/9/11 and served on the CITY on that date.

(b)     MCFADDEN filed a second notice of claim against the CITY again bringing it to the attention of the NYCHA indicating that she was the treasurer of Nostrand Housing and that DORIS ZENO had been harassing her and had given a "false check" as part of ZENO's official duties as president and that this has caused embarrassment to plaintiff as the treasurer; caused her emotional distress but since she had a duty to report it. Plaintiff did so in the 2nd notice of claim notarized 8/22/11 and received by the CITY on that date.

(c)     The plaintiff MCFADDEN then filed a third notice of claim on 8/30/11 which alleged that she had been slandered/defamed by DORIS ZENO and had been accused of fraud and embezzlement by DORIS ZENO when the true facts were that DORIS ZENO had not properly administered checks, funds and monies involving Nostrand Housing Tenant's Association and/or NYCHA.

(d)     On 11/28/11 a fourth notice of claim was duly filed by plaintiff on the CITY and NYCHA; Again properly delineating the parties and their capacity specifically, "Doris Zeno, the supervisor of Tenant Patrol and DORIS ZENO the President of Nostrand Housing." Specifically complaining of slander and defamation, properly alleging 'publication' in that the statements were made before a manager and tenants.  The plaintiff indicated that she had to go to counseling because of the continued defamation and harassment.  Attached to 3rd notice of claim which along with the other notices of claim were completely set forth herein is an over 2 page single spaced typed letter from the claimant, plaintiff herein, specifying the allegations of defamation, ZENO falsely alleged that the plaintiff herein had defrauded NYCHA and/or the Tenant's Association. In the letter the plaintiff indicates that the defendant ZENO alleged that plaintiff was not a substitute teacher for the DOE.

(e)      On or about 12/4/11 DORIS ZENO filed a false complaint with the NYPD which was processed by Housing Authority Police. She falsely alleged that the plaintiff 'attempted' to assault her with a pair of scissors. On information and belief NYPD Police attached to the Housing Authority Police Precinct, at least two officers (on information and belief based on the false allegations and/or directions of co-defendant DORIS ZENO, who indicated that she was a security officer in the employ of NYCHA and the President of Nostrand Houses and/or directly and/or indirectly through a request made to her 'boyfriend' officer Mark Sykoff (phonetic)), without a valid arrest or search warrant or probable cause illegally entered the plaintiff's apartment and searched it thoroughly for over a half an hour over the protest of the defendant and a neighbor and could not find a pair of scissors (orange). In point of fact the plaintiff had called 911 first, to lodge a formal complaint that DORIS ZENO had physically attacked her again. (Plaintiff has three witnesses, and affidavits to that effect were provided to the District Attorney Kings County after the false criminal complaint was filed.) The NYPD/police officers from the Housing Authority Precinct falsely arrested and imprisoned the plaintiff, utilizing 'excessive force' and she remained incarcerated for more than 24 hours until she was arraigned before a criminal court judge and released, under an order of protection which she was required to obey which inhibited her freedom (orders of protection were re-issued against the plaintiff and renewed from the time of the arraignment on or about 12/4/11/12/5/11 through her acquittal of all criminal charges on or about 12/6/12. These orders of protections had to be continually challenged by plaintiff's counsel who represented her in criminal court because the standard form of order of protection would

have prohibited plaintiff from residing in her home or attending Nostrand Houses executive and/or membership meetings and the like).

Some time shortly after the plaintiff was falsely arrested on 12/4/11, the defendant DORIS ZENO on information and belief notified the DOE that the plaintiff had been arrested for viciously assaulting ZENO with a weapon and falsely alleged that the plaintiff was a 'danger' to her students.  ZENO notified Bd. of Ed./DOE in her official capacity advising that she was President of Nostrand Houses and/or that she held a position with security for Nostrand Houses and was a paid employee of NYCHA. That ZENO's action in filing the false criminal complaint and/or the false complaint with the DOE was an abuse of process and was defamatory. ZENO'S intentional, negligent and defamatory actions directly contributed to plaintiff Barbara McFadden to be suspended from her job by the DOE; and caused plaintiff loss of income, self esteem and in effect DORIS ZENO's actions amounted to intentional infliction of mental distress. The defendant CITY by its departments/agencies and the like NYCHA, DOE and NYPD negligently contributed to the damages sustained by plaintiff in that said co-defendants negligently failed to follow up and/or research the matter thoroughly which would have resulted in the withdrawal of charges exonerating plaintiff and/or the more immediate reinstatement by DOE of plaintiff. Even though the plaintiff was and is a substitute teacher in good standing at the same school for 6 years and had excellent references from the principal, Dr. Apple, at P.S. 327 located at 111 Bristol at Pitkin and Sutter in Brooklyn. The DOE negligently suspended plaintiff failing to thoroughly investigate the origins and/or the validity in the complaints made by ZENO. Thereafter even though the plaintiff and her attorney duly notified the DOE that on or about 12/6/12 that the plaintiff

was formally acquitted of all charges and even when the plaintiffs supplied a formal certificate of disposition issued by the Criminal Court of the City of New York. The DOE failed to reinstate the DOE causing her to lose months/days in total since the DOE suspended plaintiff without pay or benefits. For all intents and purposes from the time of her false arrest and false imprisonment 12/4/11, the plaintiff has been unable to work or earn a living and her students suffered as well since she was their regular teacher on a daily, weekly, monthly, yearly basis and taught the same students in the same classes every day without incident or complaint; until more than 3 months after her acquittal or after 2/22/13.

(f) That subsequent to the events complained of heretofore the plaintiff DORIS ZENO filed still another false criminal complaint against the plaintiff which occurred during the malicious prosecution on the aforementioned case on docket number 2011KNO95729 which on information and belief, after plaintiff's defense counsel for the Criminal Court case, who she had to hire at considerable expense notified the District Attorney of Kings County's office that the complaint was bogus, did not result in an arrest did not result in an arrest. The police did not arrest the plaintiff on this serious and still another bogus criminal complaint but plaintiff and her witnesses had to live elsewhere for several days and still live with fear of being falsely accused and falsely arrested again.

Plaintiff's eyewitnesses Delfina Capellas and Luis Serrano were provided to the District Attorney of Kings County where an Assistant District Attorney had the opportunity to interview them in private and did so without defense counsel, plaintiff's counsel being present. Despite the fact that the assistant district attorney in Brooklyn was provided the opportunity despite the fact that the Assistant District attorneys were

provided with the opportunity to interview plaintiff's witnesses in private without counsel he continued to maliciously prosecute the plaintiff at the defendant's request. On information and belief attorneys for NYCHA and/or the corporation counsel directly intervened in the criminal prosecution of the plaintiff and offered information, counsel and/or the like to the Kings County District Attorney's office in an effort to continue to have plaintiff maliciously prosecuted in an effort to have the plaintiff illegally and improperly convicted (in an effort to disparage and defame plaintiff and keep her out of work and without means to support herself that on information and belief NYCHA's attorneys continued these efforts but negligently never looked into or thoroughly investigated the plaintiff's initial complaints of fraud on the parts of DORIS ZENO in that monies were missing and/or improperly removed from the tenant's Nostrand Houses account and utilized by ZENO for her own benefit or the benefit of her family) and still the district attorney continues to prosecute the plaintiff at the defendants' request.  Prior to these incidents, plaintiff had never been arrested in her life and let alone prosecuted. Said malicious prosecution continued up till and through trial and the judgment of acquittal of the court and subsequent thereto in that the DOE did not promptly or timely reinstate plaintiff and NYCHA attorneys continue to take the position that any and all actions of DORIS ZENO were just and proper and in effect adopted same as their own.

(g) Notice: Defendants CITY its departments/agencies and the like NYCHA/NYPD/DOE have had actual and constructive notice of the defendant ZENO's propensities including but not limited to her false representations and statements in regard to the fraudulent misuse of funds, failure to keep proper records or to record purchases, payments and receipt of funds and/or for continued fraudulent, fraud or misleading statements and said

defendants have negligently failed to investigate and/or to timely/promptly remedy or ameliorate their negligence and have in effect become liable for any and all actions that have transpired and are negligent/grossly negligent for the false arrest, false imprisonment, malicious prosecution, prima facie tort, intentional infliction of mental distress and as to defendant NYCHA the breach of the warranty of habitability and the covenant of quiet enjoyment and/or to be free from landlord/management harassment that plaintiff is entitled to since she is a paying tenant.

(h) Plaintiff's attorney caused to be filed a 5th notice of claim notarized 2/28/11 served on 3/1/12 received by the City on 3/2/12 that not only spelled out the illegal search of plaintiff's apartment in Nostrand Houses for over a half an hour by NYPD police officers out of the housing authority precinct without a warrant, allegations of false arrest by NYPD Police Officers and the illegal search with a search or arrest warrant, etc., the plaintiff's illegal arrest on 12/4/11, which also attached to the fifth notice of claim all of the prior notices of claim and duly served them upon Corporation Counsel and attorneys for the New York City Housing Authority and the defendant ZENO.

27.    That on or about 12/4/11 the plaintiff BARBARA MCFADDEN was falsely arrested/accused, falsely imprisoned and subjected to intolerable conditions and circumstances having falsely been charged with the following crimes under the NYS Penal Law,

PL 120.14(1)            Menacing in the 2nd Degree

PL 265.01(2)           Criminal possession of a weapon in the 4th degree

PL 240.26(1)           Harassment in the 2nd Degree

by the N.Y.P.D. and subsequently detained and then arrested and/or held/incarcerated,

booked, processed, arraigned, imprisoned as per the request of the defendants NYPD; and

thereafter falsely charged and maliciously prosecuted in a criminal case by the District

Attorney of Kings County, specifically on Docket No. 2011KNO95729, Kings County

that on information and belief as Assistant District Attorney at the precinct and/or Central

Booking also made a decision to hold and charge Plaintiff. Said criminal complaint

"came down" and/or was filed on or about 12/4/11. That the initial illegal and/or false

arrest and/or false imprisonment of the Plaintiff on the aforementioned false charges was

on or about 12/4/11 based on the intentioned illegal detention and/or arrest and

subsequent arraignment of Plaintiff on criminal charges.

28.      The Plaintiff as a result of said acts of defendants was falsely accused, arrested,

imprisoned, and subjected to intolerable conditions and unacceptable behavior of those

who held her in custody, other intentional and/or negligent acts of defendants and/or on

the part of the defendants included but were not limited to lengthy and intolerable

interrogations and being forcibly held and falsely imprisoned for approximately 48 hours

and plaintiff was subjected to "excessive force" in the process which caused her to be

injured- physically and/or emotionally. On information and belief plaintiff was pregnant

at the time of her arrest and miscarried shortly thereafter.

29.      The Plaintiff suffered from the said acts of defendants and/or failure to act

including mental and emotional distress, the plaintiff was physically assaulted and/or

abused by inmates, police and/or guards. The Plaintiff became ill while incarcerated and

was not afforded adequate medical attention and/or treatment. Plaintiff was deprived of

her liberty, the ability to earn a living and suffered lost earnings, deprived and/or lost

companionship of family and friends. Plaintiff had a record of an arrest and this in part

has resulted in her being suspended as a teacher and caused her security license (which was supposed to expire 3/18/12) to not be renewed until after her acquittal which requires her to take the test and start all over. The plaintiff was forced to incur legal and medical expenses and the like. On information and belief Defendants CITY (DOE, NYPD and NYCHA, its independent departments, agencies and the like, intentionally the questionable prosecution of the plaintiff by cooperating with the ADA prosecution and attorneys for the NYPD, the CITY and the NYCHA (all departments or agencies of the CITY) and the defendant DORIS ZENO continually pressed the District Attorney to prosecute the plaintiff criminally and intentionally withheld evidence that would have exonerated the defendant and/or would have been damaging to the District Attorney such as negative information concerning DORIS ZENO in an attempt to testify against plaintiff. While at the same time negligently failing to adequately investigate the plaintiff's allegations of fraud concerning DORIS ZENO.

30. On information and belief the City of New York has negligently failed to properly administer it's agencies, departments and the like in regard to the maintenance, design, supervision and control over those accused, detained, arrested, and/or incarcerated and in particular this Plaintiff and in particular in regard to her job as a substitute teacher and/or as to her license to be a security guard. The said negligence of the CITY has contributed and/or is responsible for the incidents complained of and the damages to the plaintiff.

31. On information and belief defendants, CITY (its departments/agencies and the like NYPD, NYCHA and/or DOE) negligently failed to train, supervise, or provide police officers and/or Assistant District Attorneys to supervise and/or control the administration of justice and/or DOE, staff and personnel to timely process a claim for suspension

without cause. In addition thereto NYCHA and/or NYPD failed to monitor the complaints about DORIS ZENO and/or to intervene to protect the rights of the plaintiff as a tenant. That as a result of the said negligence the plaintiff suffered.

32.    The Plaintiff not only was falsely arrested and accused by the said NYPD police officers but she was incarcerated as well; the plaintiff was treated severely by the police who utilized excessive force by the said arresting officers who on information and belief included a New York City Police Officer at the Housing Authority Precinct, Mark Sykoff, who is ZENO'S 'boyfriend'.  It was plaintiff who initially called 911 and on information and belief was recorded on a tape. On information and belief based on the fact that they have not responded and defendants have deliberately refused to produce same in court and/ or are in contempt of court.

33.    That on information and belief the Defendant, NYPD, it's police officers, detectives, agents and the like, including "NYCHA" police had information specifically one or more 911 tape 'recordings', conversations called into the police 911 operator/station/precinct, that this Plaintiff was innocent and was not involved in the crimes alleged by ZENO that she was charged with, but said defendants intentionally and/or negligently withheld information from the court, the plaintiff, her family, employer and friends, and her defense attorney(s) that would have exonerated the Plaintiff and/or should have resulted in her immediate release and/or proper dismissal of the case. For instance, the initial 911 call placed by plaintiff.

34.    That on information and belief the defendants including ZENO, the NYPD and/or NYCHA did everything possible to prevent this Plaintiff from being released and/or that the charges be dropped against her, despite possessing the said evidence and/or other

evidence that she was innocent.

35.     That on information and belief the Defendants ZENO, NYPD and/or NYCHA police intentionally did the aforementioned acts to keep the Plaintiff under threat of criminal charges and facing jail with the hope that the Plaintiff could not defend herself on the criminal case and either plead to a lesser charge and/or not sue the CITY and the NYPD, NYCHA, DOE or ZENO; said acts also were designed to keep her out of work and without income to survive and/or pay for her defense.

36.     That the Plaintiff was initially held as a prisoner against her will in jail for approximately 2 days and was effectively prevented from earning her livelihood, thereafter since she was gainfully employed prior to and/or at the time of her illegal and false arrest, as a licensed substitute teacher and/or as a licensed security guard (plaintiff has a valid New York license in the security field), that the policy of her employer DOE is to dismiss/suspend any employee accused of a crime unless criminal case is dismissed and sealed. Plaintiff was out of work as a sub teacher for the DOE and the City and the State had refused to renew her security license so she cannot work. Her security license had not been renewed.

37.     The plaintiff was severely injured and needed medical attention and still suffers from the injuries that she sustained because of the excessive force utilized against her from the arresting officers who were crude, abusive and refused to acknowledge that plaintiff was pregnant. Plaintiff soon thereafter miscarried.

38.     That on information and belief and/or the NYPD, soon after the arrest of the Plaintiff, and/or the events that the Plaintiff was arrested for, became aware of 911 audio tape(s) and realized and/or had proof of evidence (e.g. testimony of eyewitnesses

exonerating plaintiff) and/or information that the Plaintiff was innocent and/or that there was exculpatory information exonerating her and was not involved in the crimes alleged other than the fact that she was present at the location at the time of the alleged events.

39.    That on information and belief, the defendants ZENO, NYPD and/or "Housing Police" deliberately continued their applications before the court to adjourn defendant's criminal matter and in effect keep her criminal case on the court docket under criminal charges, despite the knowledge that she was innocent not culpable and continued the case sufficiently keeping her out of work and without funds.

40.    That such arrest/imprisonment/prosecution of the Plaintiff was void on its face and/or became void when the evidence was obtained by defendants/police/ District Attorney Kings County, exonerating the plaintiff.

41.    That on information and belief the defendants CITY, its departments/agencies and the like NYCHA, NYPD, ZENO and/or DOE fraudulently and/or knowingly withheld from the Plaintiff, her family and/or her attorneys; the court and district attorney's office of Kings County specifically the tapes and any and all information in their possession that would have exonerated the defendant and would resulted in her dismissal and reinstatement of her teaching position and security license that the said knowing and fraudulent actions by the defendants continued in the false and illegal prosecution of the Plaintiff and the physical, mental, and emotional distress that she endured because of the said acts of the defendants, and therefore the said defendants are liable for fraud and malicious prosecution.

42.    That the foregoing acts of the defendants negatively effected the reputation of the Plaintiff and caused her emotional disturbance.

43.     That plaintiff was incarcerated for almost two days and had been out of work since the incident until February 2013 when the DOE reinstated her.

44.     That plaintiff was held in custody in the detention cells of the police station/precinct; and then held in the detention cells and/or a jail(s) maintained by the defendant(s) CITY, NYPD, e.g. Dept. Of Corrections and/or other detention facilities at the Courthouse and elsewhere.

45.     That as a result of the foregoing acts of the defendants the Plaintiff and/or her family were compelled to retain counsel and/or expend monies for the defense/ representation/ and/or attempts to secure the release of Plaintiff, and will continue to be obligated for legal expenses in the future.

46.     That notices of claim and/or notice of intention to sue was/were duly served upon the defendants within 90 days after the said cause of action of the plaintiff accrued e.g. Notice of Claim reads as follows:

> "SIRS:
> PLEASE TAKE NOTICE that the claimant herein hereby makes individual claims and demands against the CITY OF NEW YORK and the NYPD, NYCHA and DORIS ZENO as follows:
> A. That claimant BARBARA MCFADDEN individually and as mother and guardian of her unborn child was falsely arrested, illegally detained, falsely imprisoned, suffered physical injuries, intentional infliction of mental distress etc. and/or was victim of a prima facie tort and victim of trespass into her premises and maliciously prosecuted arising out of events on 12/4/11 (at or about 4 p.m.); that claimant has a separate and distinct claim for intentional infliction of mental distress and prima facie tort, trespass onto her premises without a warrant, negligence, arising out of the events of 12/4/11, prior thereto and thereafter; she also has Federal 1983 civil rights claim under Title 42 USC 1983.
> B.  In addition thereto that all claimants noted above: BARBARA MCFADDEN and her unborn child, have separate and distinct claims arising out of events on 12/4/11 wherein police officers trespassed onto claimants' premises 3023 Avenue X, Apt. 5b, Brooklyn, NY 11235 and illegally detained, harassed, subjected her to ridicule and defamation, as to the said actions illegally taken against claimant BARBARA MCFADDEN

e.g. NYPD Police Officer handcuffed this pregnant woman and that BARBARA MCFADDEN suffered mental and emotional distress, trauma and physical injuries. Said claimant was harassed, illegally detained, arrested and imprisoned, subjected to ridicule and defamation and maliciously prosecuted.  Claimant's apartment was searched without a warrant and/or without 'informed consent', in violation of claimants' Constitutional rights under the United States and New York State Constitutions e.g. 4th Amendment of U.S. Constitution.

C. NYPD officers used 'excessive force' in the detention, arrest, confrontation and in all custody aspects (false imprisonment)

D. NYCHA was under prior notice actual and constructive of the violent, fraudulent and vicious propensities of DORIS ZENO and negligently failed to take steps to monitor or prevent the events complained of herein.

E. See 4 prior Notices of Claim against NYCHA and DORIS ZENO attached hereto and made a part hereof.

i.       Served 8/9/11 involving a 5/10/11 incident-slander/attempted assault

ii.      Served 8/22/11 for a 8/22/11 incident- slander/bad check (fraud)

iii.     Served 8/30/11 for a 8/22/11 incident – slander/bad check (fraud)

iv.     Served 11/28/11 for a 10/11/11 incident- slander/bad check (fraud)

The instant notice of claim also applies to the slanderous allegations of the said DORIS ZENO who telephoned the DOE after 12/4/11 and falsely alleged that the claimant was a danger to her middle school students which immediately resulted in her suspension from work and all the benefits deriving therefrom e.g. salary being terminated.

1. The name and post-office address of each claimant and of their attorney is:

see above for claimant's address.

 STUART R. SHAW, ESQ.              BARBARA MCFADDEN
 Attorney at Law                           Individually and as mother
30 West 95th Street, 1st Fl                and guardian of her unborn child
New York, NY 10025                      3023 Avenue X, Apt. 5b,
(212) 661-6750                             Brooklyn, NY 11235

2. The nature of the claim: see paragraphs A, B, C, D and E above and as to 12/4/11 Claimant BARBARA MCFADDEN was falsely arrested and illegally imprisoned for approximately 2 days; maliciously prosecuted and forced to be present/appear in court thus far on 3 occasions, it is estimated that over a period of several months the claimant will be required to appear in court many more times even though the City of New York (D.A. Kings County and/or NYPD) know that there was no merit to the continuance of the prosecution and that such prosecution was malicious and that her arrest and imprisonment was illegal, especially since at the

time of the arrest, witnesses appeared and indicated that the claimant BARBARA MCFADDEN did not take part in any assault against the complaining witness the respondent DORIS ZENO: Police came into claimants' premises without a warrant and/or probable cause and trespassed and conducted an illegal search of the entire premises in violation of claimant's constitutional rights and/or right of privacy.

3. The time when, the place where and the manner in which the claims arose:  Claimant BARBARA MCFADDEN was arrested and imprisoned on or about 12/4/11, and was required to be in court 3 times thus far and as noted above in paragraph 2 etc., that she suffered etc., from the illegal actions of the police and/or NYCHA and/or ZENO see above for all of claimants' causes of action etc.

4. The items of damage or injuries claimed are in: Negligence, improper detaining of claimant, false arrest and illegal imprisonment; loss of earnings; cost of defending case; damage to plaintiffs reputation; the impairment of her earning power; claimant was suspended by DOE because of said illegal arrest and prosecution on the fraudulent allegations of DORIS ZENO who also called the DOE and alleged that claimant was a danger to her middle school students and reputation causing DOE to suspend claimant without pay creating expenses to defend a criminal case; plaintiffs' health was impaired, intentional infliction of mental distress, physical injuries, emotional trauma, fraud, malicious prosecution, prima facie tort, slander/ defamation; in addition thereto claimant has 1983 claims for the violations of her Constitutional rights, e.g. 4th amendment, illegal search without a warrant. Defendant CITY (NYPD, NYCHA) negligently failed to train and/or supervise its employees including supervisors, police officers and other personnel and/or to monitor same. Excessive force was used against claimant and/or false allegations were made and/or permitted to be made. Fraud may also have been involved in that the respondent DORIS ZENO is an employee of NYCHA  by virtue of her position with Tenant Patrol/Security and/or because she functioned as President of the Tenant Association of a NYCHA Housing Project and as such had negligently/fraudulently used her contacts including on information and belief a 'boyfriend' who works for NYPD to have the claimant fraudulently arrested, maliciously prosecuted and then based on her fraudulent statements 'backed up' by Police action had claimant suspended from her job as a substitute teacher with the DOE, a City agency that negligently failed to dismiss the allegations brought before it.

5.    A.    The instant notice of claim incorporates the 4 notices of claim attached hereto and made a part hereof and noted in paragraph 2 herein.

B.    The items of damage or injuries claimed are one million ($1,000,000.00) dollars for each claimant on each legal cause of action see above numbers 1, 2 & 3:

       1.    Negligence
       2.    False arrest

3.      False Imprisonment
4.      Intentional infliction of mental distress
5.      Prima facie tort
6.      Fraud
7.      Abuse of Process
8.      Filing a false complaint and/or attempt and/or conspire to file false complaint, commit said illegal act
9.      Malicious Prosecution
10.     Assault (Excessive Force) and Battery
11.     Slander and Defamation
12.     Punitive Damages
13.     Compensatory Damages

Total amount claimed: $1,000,000.00 for each of the above noted claimants; causes of action 1-4 against each respondent and $1,000,000.00 on each of the above noted claimants cause of action for punitive and/or compensatory damages for $1,000,000.00 against each defendant; for reasonable counsel fees for the defense of the criminal action $25,000.00 together with interest courts costs and attorneys fees for the instant cases. That said claims and demands are hereby presented for adjustment and payment.

PLEASE TAKE FURTHER NOTICE that by reason of the premises, in default of the City of New York and/or NYPD, the District Attorney of Kings to pay to the claimant his claim within the time limited for compliance with this demand by the said City of New York by the statutes in such cases made and provided, claimant intends to commence an action against the City of New York to recover his damages with interest and costs [see General Municipal Law Sect. 50-e(2), clause (4), and etc.]"

Notice of Claim Served 8/9/11
"PLEASE TAKE NOTICE that the undersigned claimant(s) hereby make(s) claim and demand against the City of New York, as follows:
1.      The name and post office address of each claim and claimant's attorney is: I am seeking an attorney.
2.      The nature of the claim: This matter is in regards to an incident involving The president Doris Zeno and she's the supervisor of Tenant Control.
3.      The time when, the place where and the manner in which the claim arose: On May 10, 2011 around 9 pm Doris Zeno tried to attack me in Nostrand Housing Community Center in front of the tenants and Nostrand Management Team.
4.      The time when, the place where and the manner in which the claim arose: Doris Zeno brought emotional stress on me, Doris slander my character, Doris Embarased me in front of Nostrand Tenants, Doris tried to assault me by almost hitting me in the face.
TOTAL AMOUNT CLAIMED ($25,000)

The undersigned claimant(s) therefore present(s) this claim for adjustment and payment. You are hereby notified that unless it is adjusted and paid within the time provided by law from the date of presentation to you, the claimant(s) intend(s) to commence an action on this claim.

I certify that all information contained in this notice is true and correct to the best of my knowledge and belief. I understand that the willful making of any false statement of material fact herein will subject me to criminal penalties and civil liabilities."

Notice of Claim Served and dated 8/22/11

"PLEASE TAKE NOTICE that the undersigned claimant(s) hereby make(s) claim and demand against the City of New York, as follows:
1.       The name and post office address of each claim and claimant's attorney is: I am seeking an attorney.
2.       The nature of the claim: This matter is in regards to Doris Zeno and she's the supervisor of tenant patrol.
3.       The time when, the place where and the manner in which the claim arose: Doris Zeno gave Family Day on August 20, 2011. She never informed me by email, mail or by telephone. Doris didn't give me any money for family day and I'm the treasurer at Nostrand Housing.
4.       The time when, the place where and the manner in which the claim arose: On August 22, 2011 Doris gave her attorney a False Check and Said I Changed it. This lady has been harassin me, slandering my character and she brought emotional stress on me!
TOTAL AMOUNT CLAIMED ($30,000)
The undersigned claimant(s) therefore present(s) this claim for adjustment and payment. You are hereby notified that unless it is adjusted and paid within the time provided by law from the date of presentation to yu, the claimant(s) intend(s) to commence an action on this claim.

I certify that all information contained in this notice is true and correct to the best of my knowledge and belief. I understand that the willful making of any false statement of material fact herein will subject me to criminal penalties and civil liabilities."

Notice of Claim served 8/30/11
"PLEASE TAKE NOTICE that the undersigned claimant(s) hereby make(s) claim and demand against the City of New York, as follows:
The name and post office address of each claim and claimant's attorney is:
"Seeking Attorney"
The nature of the claim: Doris Zeno the president of "Nostrand Housing" Supervisor of Tenant Patrol. Doris took a check out her bag and placed it

on the table. The check that Doris Attorney accused me of he never gave me a copy.

The time when, the place where and the manner in which the claim arose: On August 22, 2011 At 250 Broadway on the 5th Floor. Doris Zeno Attorney Lenar Shrier said I Barbara McFadden was address on NYCHA checks. Fraudulent was not the nature of this case

The time when, the place where and the manner in which the claim arose: This woman has brought emotional stress on me, Slander my character, and last but not least accused me of fraudulent and embezzlement. Her attorney never any disclosure from any banks where this check came from. TOTAL AMOUNT CLAIMED *($150,000)"

Notice of Claim served and dated 11/28/11

"PLEASE TAKE NOTICE that the undersigned claimant(s) hereby make(s) claim and demand against the City of New York, as follows: The name and post office address of each claim and claimant's attorney is: "Seeking Attorney" *In progress

The nature of the claim: Doris is the supervisor of Tenant patrol and Doris Zeno is the President at Nostrand Housing. She's continuously defaming my Character!

The time when, the place where and the manner in which the claim arose: On Tuesday October 11, 2011 in Nostrand Housing at 8:30 pm. Doris Zeno disrespected me, embarrassed me, and she slandered by character in front of the manager and tenants.

The time when, the place where and the manner in which the claim arose: This Lady Doris Zeno has brought emotional stress on me (and I'm obtaining counseling) She embarrassed me, slandered my Character and she falsely accused me of "frauding." She refused to show "any proof!"

"This is an on going problem" I obtain counseling once a week!

TOTAL AMOUNT CLAIMED ($1,000,000)

The undersigned claimant(s) therefore present(s) this claim for adjustment and payment. You are hereby notified that unless it is adjusted and paid within the time provided by law from the date of presentation to you, the claimant(s) intend(s) to commence an action on this claim.

I certify that all information contained in this notice is true and correct to the best of my knowledge and belief. I understand that the willful making of any false statement of material fact herein will subject me to criminal penalties and civil liabilities."

47. That more than thirty days have elapsed since the service of the said notice of

claim and/or notice of intention to sue upon defendant.

48. That the defendants and its comptroller and/or counsel have failed, neglected and

refused to pay, settle, compromise or adjust the claim of the plaintiff herein.

49.     That this action has been commenced within one year and ninety days after the cause of action of plaintiff accrued; notice of claim was served personally and by certified mail no. 70092820000227241774, the plaintiff duly purchased a summons on or about 5/9/12 and will serve all of the defendants.

50.   That at all times relevant to this complaint, or from on or about 5/10/11 and thereafter, said defendants maintained and controlled in furtherance of its/ their business by the said defendants, CITY it's departments/agencies and the like NYPD, DOE and/or NYCHA police in Kings County, City and State of New York and was/were responsible for operating/ controlling: precincts, precinct districts, high precincts, prosecution of Criminal court cases, jails, courts, police, police precincts, NYCHA buildings and/or their personal employees, and etc. etc.

51.     As a result of her treatment at the hands of the defendants' (in particular the NYPD and POLICE OFFICER CLIVE THOMAS and on information and belief based on a complaint report Sergeant Robert Flynn, and POLICE OFFICERS "JOHN DOES 1-4" and the defendant DORIS ZENO), plaintiff BARBARA MCFADDEN suffered physical and mental injury, pain, humiliation and emotional distress, in addition to loss of liberty, etc. etc.

52.     Upon information and belief, the abuse to which the plaintiff was subjected was consistent with an institutionalized practice of the CITY'S departments/agencies and the like NYPD, DOE and NYCHA of the City of New York, which was known to and ratified by defendant City of New York, said defendants having at no time taken any effective action to prevent the CITY'S departments/agencies and the like NYPD DOE and NYCHA and/or police personnel from continuing to engage in such misconduct.

53.    Upon information and belief, defendants City of New York and/or its departments/agencies and the like NYPD, DOE and/or NYCHA had prior notice of the propensities of the defendant the individual DORIS ZENO and DOE, NYCHA personnel and/or police officers and/or lack of training, but took no steps to train them, correct their abuse of authority or to discourage their unlawful use of authority. The failure to properly train said defendants included lack of instruction as to the proper procedure to protect citizens who were threatened and/or assaulted by criminals.

54.    Upon information and belief, defendants City of New York and/or its departments/agencies and the like NYPD, DOE and NYCHA authorized, tolerated as institutionalized practices, and ratified the misconduct herein before detailed by: (a) failing to properly discipline, restrict and control NYPD, DOE and/or NYCHA employees, supervisors, and supervisory staff of police officers including those posted for patrol such as the defendant DORIS ZENO (b) failing to take adequate precautions in the hiring, promotion and retention of NYPD and/or police personnel, including specifically defendant NYPD supervisors noted herein and/or police officers stationed at the precinct; (c) failing to forward to the office of the District Attorney of Kings County evidence of criminal acts committed by the defendant police officers and/or detectives and withholding and/or destroying the audio tapes; and (d) failing to establish and/or assure the functioning of a meaningful departmental system for dealing with complaints of NYPD supervisors or employees and/or police misconduct, and/or negligent failure to act to secure the safety of  a citizen and to prevent further violence to that citizen but instead responding to such valid complaints of this plaintiff and/or other citizens supported by others and official denials calculated to mislead the public and actions taken to denigrate

and punish the innocent citizen who fastidiously takes every step humanly possible to try to help or legally deal with these problems. This conduct also constitutes gross negligence under state law.

55.     As a consequence of the abuse of authority detailed above, plaintiff sustained the damages heretofore alleged.

56.     That by reason of the aforesaid occurrence, and defendants' negligence and the injuries which she sustained thereby the plaintiff was made sick, sore, and disabled and was caused to suffer grievous pain and agony and mental anguish from the time of the initial incident until the present, endure conscious pain and suffering, which resulted from said injuries sustained as aforesaid, all to her damage in the sum of One Million ($1,000,000.00) Dollars.

<u>FEDERAL CAUSES OF ACTION</u>

57.     Each and every allegation set forth in Paragraphs "1" through "55" is incorporated herein by reference.

58.     The above described actions and omissions, engaged in under color of state authority by defendants, including defendants CITY (and its departments, agencies and the like- DOE, NYPD and NYCHA, etc.) responsible because of its authorization, condonation and ratification thereof for the acts of its agents, deprived plaintiff of rights secured to her by the Constitution of the United States, including, but not limited to, her Fourth Amendment right to be free from false arrest and imprisonment and the right to be free from unjustified and excessive force utilized by police and her fourth amendment rights to be free from illegal searches and/or false arrest and imprisonment, and her Eighth Amendment right to be free from cruel and unusual punishment and fourteenth

amendment right to due process and equal protection under the laws pursuant to the federal statutes stated herein, Title VII and/or other federal acts involving education and/or any appropriate federal act for job discrimination.

59.     Defendant NYCHA is plaintiff's landlord/managing agent for her apartment unit in Nostrand Houses a City housing project. The plaintiff has a written lease with NYCHA and the landlord has a duty as managing agent to plaintiff to provide her the warranty of habitability and the covenant of quiet enjoyment with a non-harassing environment free of obtrusive invasions of privacy and the like. Plaintiff's covenant of quiet of enjoyment/warranty of habitability and/or other lease provisions have been intentionally violated by NYCHA and under Local Law 7 of 2008 and N.Y. Administrative Code § 27–2005[d] , § 27–2115[h] and related statutes and caselaw, plaintiff is entitled to recover from said defendant for said breach/violations and hereby seeks a judgment against NYCHA in said regard.

60.     On information and belief DORIS ZENO slandered and/or made defamatory statements equivalent to slander per se against the plaintiff when she communicated with the DOE and/or others in regard to the plaintiff. The plaintiff is a schoolteacher and the defamatory statements to the DOE affected her professionally. Defendant DORIS ZENO also on information and belief signed written statements for the NYPD and/or the Kings County DA and/or NYCHA or made written complaints and allegations naming the plaintiff and accusing the plaintiff of assault with a deadly weapon and other criminal allegations and the like. Said written statements were libelous on their face and/or amounted to libel per se/ per quod since they made damaging statements in regard to the plaintiff referring to her professional life as a teacher. Therefore plaintiff is entitled to a

judgment against the defendant DORIS ZENO for the statements she made as causes of action in slander, slander per se and for the written statements in libel and libel per quod and for defamation.

61.    On information and belief the egregious actions of the defendants as set forth herein directly contributed and/or caused plaintiff to miscarry, causing her physical injury and severe mental and emotional distress.

PENDING CAUSES OF ACTION

62.    Each and every allegation set forth in Paragraphs "1" through "61" is incorporated herein by references.

63.    Plaintiffs filed a written Notices of Claim with defendant City of New York within 90 days after plaintiffs' claim arose, demanding adjustment and payment, as mandated by Section 50(e) of the General Municipal Law of the State of New York.

64.    More than 30 days have elapsed since service of such Notice of Claim and adjustment or payment thereof has been neglected or refused.

65.    This action has been commenced within one year and 90 days of the date of the initial incidents alleged in instant complaint pursuant to Section 50 of the General Municipal Law of the City and State of New York.

66.    The acts and conduct herein before alleged constitute negligence, assault and battery, false arrest and imprisonment, malicious prosecution/abuse of process, defamation (slander and slander per se), prima facie tort, Breach of Contract/Covenant of Quiet Enjoyment, Warranty of Habitability and intentional infliction of emotional distress and the deliberate withholding of and/or destruction of relevant evidence specifically an audio tape of the occurrence under the laws of the State of New York and the plaintiff's

rights have been violated under the United States Constitution specifically the fourteenth amendment due process clause, sixth amendment right to a fair trial, fourth and eighth amendment and etc. and under the New York State Constitution.

1. Negligence/Gross Negligence
2. False arrest
3. False Imprisonment
4. Intentional infliction of mental distress
5. Prima facie tort
6. Fraud
7. Abuse of Process
8. Filing a false complaint
9. Assault and Battery
10. Malicious Prosecution
11. Defamation, Slander, Slander Per Se
12. Breach of Contract/Covenant of Quiet Enjoyment, Warranty of Habitability
13. Compensatory damages
14. Punitive damages

This Court has pendent jurisdiction to hear and adjudicate those claims.

<u>ATTORNEYS' FEES</u>

67.    Plaintiff is entitled to an award of attorneys' fees, pursuant to 42 U.S.C. 1988 (b); 42 U.S.C. 1983, including court costs and disbursements if appropriate and demands a jury trial.

   **WHEREFORE**, plaintiffs individually demand the following relief, jointly and severally, against all the defendants: One million ($1,000,000.00) dollars against each defendant for each tort complained of and for breach of contract for negligence/gross negligence, for false arrest, false imprisonment, assault, fraud, intentional infliction of mental distress, Prima facie tort, Abuse of Process, Filing a false complaint, defamation and for breach of contract and fraud in favor of claimant against each individual

defendant Punitive Damages $1,000,000.00 against each Defendant, Compensatory

Damages $1,000,000.00 against each Defendant.

1.    Negligence
2.    False arrest
3.    False Imprisonment
4.    Intentional infliction of mental distress
5.    Prima facie tort
6.    Fraud
7.    Abuse of Process
8.    Filing a false complaint
9.    Assault and Battery
10.   Malicious Prosecution
11.   Defamation, Slander, Slander Per Se
12.   Breach of Contract/Covenant of Quiet Enjoyment, Warranty of Habitability
13.   Compensatory Damages
14.   Punitive damages

TOTAL AMOUNT CLAIMED: $80,000,000.00

A.    Tort Claims, one million ($1,000,000.00) dollars each against each

defendant or sixty five million ($65,000,000.00) dollars.

B.    Compensatory damages in the amount of One Million ($1,000,000.00)

Dollars against each defendant;

C.    Punitive damages in the amount of One Million ($1,000,000.00) Dollars

against each defendant;

D.    Breach of contract in the amount of One Million ($1,000,000.00) Dollars

against CITY.

E.    Attorneys' fees pursuant to 42 U.S.C. 1988(b); 42 U.S.C. 1983; and

F.    For such other and further relief as this Court may deem just and proper.

DATED:      New York, New York
            July 2, 2013

Law Office of Stuart R. Shaw,

By: _____

Attorney for Plaintiff
30 West 95th Street, 1st Fl
New York, NY 10025
(212) 661-6750
(212) 661-6594 FX

TO: THE CITY OF NEW YORK,
c/o Corporation Counsel of the City of New York
100 Church Street, 4th Fl
New York, NY 10007

THE NEW YORK CITY POLICE DEPARTMENT (NYPD),
1 Police Plaza
New York, NY 10038

THE NEW YORK CITY HOUSING AUTHORITY (NYCHA),
250 Broadway,
New York, NY 10007

DEPARTMENT OF EDUCATION (DOE),
Tweed Courthouse
52 Chambers Street
New York, NY 10007

DORIS ZENO,
2343 Batchelder Street, No. 1F,
Brooklyn, NY 11229

POLICE OFFICER CLIVE A. THOMAS
c/o NYPD
1 Police Plaza
New York, NY 10038

POLICE OFFICERS "JOHN DOE 1-4"
c/o NYPD
1 Police Plaza
New York, NY 10038