| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>-----------------------------------------------------------------------x<br>BARBARA MCFADDEN,          Plaintiff,<br>                    -against-<br>THE CITY OF NEW YORK, THE NEW YORK CITY<br>HOUSING AUTHORITY (NYCHA), DORIS ZENO,<br>Individually and/or in her official/ quasi-employee status<br>for NYCHA (Nostrand Housing Resident's Association)<br>and as a member of their security personnel, POLICE<br>OFFICER CLIVE A. THOMAS AND POLICE OFFICERS<br>"JOHN DOE 1-4",               Defendants.<br>-----------------------------------------------------------------------x | Index No.  2012 CV 2300<br>           (FB) (ML)<br><br>CORRECTED<br>SECOND<br>AMENDED<br>VERIFIED<br>COMPLAINT |

1.      This is an action for damages sustained by plaintiff BARBARA MCFADDEN, (referred to as MCFADDEN or plaintiff) against the CITY of NEW YORK (referred to as the CITY), (specific individual agencies/ departments of CITY are denoted in the allegations of this complaint and are referred as NYPD, and DOE).  The NEW YORK CITY HOUSING AUTHORITY (referred to as NYCHA) (which is sued individually as a quasi-public entity), CITY/NYCHA, who through its supervisors, employees, police officers, agents and/or assigns was/were responsible for the excessive force, assault, arrest, prosecution and harassed MCFADDEN, the illegal search and seizure of her home and person; Plaintiff sues for personal injuries suffered, emotional distress, loss of income (improper suspension by the DOE) arising from the unlawful acts of the defendants, and against the defendants CITY/ NYCHA, as the supervisory body(ies) responsible for the conduct of their employees, management and personnel; for their failure to take corrective action with regard to said employees, management and personnel e.g. police, DOE, and/or NYCHA employees, personnel; said defendants' failure to act, e.g. as to vicious propensities of their employees, personnel and management which were notorious and/or to assure proper training and supervision of the said personnel, management and employees, and/or to implement meaningful procedures to discourage lawless official conduct and/or to change or modify their policies. Each defendant is/are sued as a "person" under Title 42 USC 1983; and the actions of the CITY, its departments- NYPD, DOE, NYCHA, in continuing to prosecute a criminal case against plaintiff; in failing to prosecute a case against the individual defendant DORIS ZENO, (hereinafter referred to as ZENO), who was acting either in her employee or

quasi-employee status for and with NYCHA and/or as a supervisor of Tenant Patrol at NOSTRAND HOUSING and/or as former president of NOSTRAND HOUSING RESIDENT'S ASSOCIATION (hereinafter referred to as T.A.), which is a tenant organization duly authorized by NYCHA to act as a tenants' voice in the operation, management, control and supervision of a public housing complex owned and operated by NYCHA known as the NOSTRAND HOUSING located in Kings County, City and State of New York. Police officers are individually sued and include P.O. CLIVE A. THOMAS AND P.O.s "JOHN DOE" 1-4 (hereinafter referred to as P.O.s), who are the actual perpetrators. Defendant CITY through NYPD failed to remedy the severe penalties/ conditions issued against plaintiff including the initial arrest of plaintiff even though there was no evidence to base a criminal prosecution, negligently prosecuted plaintiff and/or failed to prosecute and/or arrest the perpetrators. ZENO, P.O.s, CITY failed initially to turn over the 911 tapes of the arrest of the plaintiff and/or because NYCHA failed to provide discovery to plaintiff timely which resulted in mental and emotional distress to the plaintiff. Plaintiff seeks recovery for her aforesaid damages, attorney's fees, etc., disbursements, interest and the like.

2.  Defendants' negligence and/or their negligent failure to act or to take reasonable and prudent steps required since on or about 5/10/11 when NYCHA was apprised of allegations of fraud and/or the violent acts of ZENO against plaintiff. Plaintiff was punished for being a "whistle blower", her constitutional rights abrogated.

## JURISDICTION

3.  This action arises under Sections 1983 and 1988 of Title 42 of the United States Code, and the First, Fourth, and Eighth Amendments to the Constitution of the United States, and under the Constitution of the State of New York and the laws of the State of New York and the case law arising thereunder in similar 1983 matters.

## PARTIES

4.  At all times relevant to the allegations of this complaint, plaintiff

MCFADDEN is an individual residing at 3023 Avenue X, Apt. 5B, Brooklyn, NY 11235, which is in the Eastern District of New York.

5.  That at all times hereinafter mentioned, the defendant CITY and/or its

subdivisions, agency(s) or departments is/are and still is/are a domestic and public benefit corporations, organized and existing under and by virtue of the laws of the State of New York.

6.     That NYCHA on information and belief is a quasi-public corporation and for all intents and purposes operates as a separate entity from the defendant CITY. That NYCHA and/or NOSTRAND HOUSING RESIDENT'S ASSOCIATION (A/K/A NOSTRAND HOUSES TENANT'S ASSOCIATION, 2242 Bragg Street, Apt. 6C, Brooklyn, NY 11229) (hereinafter referred to as T. A.), on information and belief is a quasi-public corporation, NYCHA and/or CITY agency(s), subdivision(s), or department(s) owned, operated and/or subject to directives of the defendants CITY/NYCHA.

7.     Defendants CITY and NYCHA is/are responsible, under law, for enforcing the regulations of its departments/agencies and the like including NYCHA, NOSTRAND HOUSES, NYPD and DOE and the laws of the City and State of New York and for ensuring that employees, co-workers and other NYCHA, NYPD and DOE personnel, obey the laws of the State of New York and of the United States.

8.     On information and belief defendants ZENO is a citizen of the City and State of New York and/or resides in Kings County which is in the EDNY, at 2343 Batchelder Street, No. 1F, Brooklyn, NY 11229. ZENO was employed by NYCHA and was negligent in the performance of her duties for NYCHA and/or individually in regard to the instant matter. ZENO who acted either in her employee or quasi-employee status for and with the NYCHA and/or as a supervisor of Tenant Patrol at NOSTRAND HOUSING, and/or as former president of T.A. NOSTRAND HOUSING (is a group of buildings owned and operated by NYCHA) or in her individual capacity.

9. POLICE OFFICER CLIVE A. THOMAS (hereinafter referred to as PO's), Shield 2973, 801 Command (Housing Police Precinct/NYPD), NYPD was/is a citizen of the City and State of New York and maintains a residence in New York. JOHN DOE 1-4, individually are NYPD officers (hereinafter referred to as P.O.s) on duty on 12/4/11 and falsely arrested, assaulted and imprisoned plaintiff.

10. From and about 3/10/11 and thereafter, said defendants CITY and NYCHA, by their respective departments, agencies and the like maintained and controlled in furtherance of its/their business by their respective departments/agencies and the like, in the Borough of Kings, City and State of New York; and was/were responsible for operating/controlling: its departments/agencies, employees, management, personnel and the like. The defendant CITY being responsible for operation of NYPD and courts, jails, police precincts, DOE, education and schools; Defendant NYCHA, public housing authority its buildings, grounds, tenant's apartments, tenant's associations.

11. CITY and/or NYCHA was/were responsible for training, supervision and conduct by said defendants CITY'S/NYCHA departments/agencies and the like (NYPD and DOE) supervisors, employees and/or personnel. Said defendants were responsible for enforcing the regulations of the NYCHA, and/or the CITY and for ensuring that CITY, NYCHA and/or supervisory staff, employees and personnel, as well as police officers, teachers and NYCHA workers in their employ obey the laws of the City and State of New York and of the United States and prosecute and enforce said laws.

12. Defendants P.O.s and ZENO as supervisor of security/ Tenant Patrol of Nostrand Houses and/or other NYPD police officers, detectives, supervisors and/or personnel and/or at NYCHA including but not limited to supervisors, tenants, officers, and/or staff

(whose identities are presently unknown to plaintiff were employed by defendants CITY/NYCHA. Defendants above-named were acting in the capacity of agents, servants and employees of defendant City and/or NYCHA and are sued individually and in their official capacity.

13. Defendant CITY and NYCHA trained employees, staff, supervisors and personnel, and was/were responsible for training, supervision and conduct by defendants'. Said defendants were responsible for enforcing the regulations of the NYPD, DOE, NYCHA and for ensuring that City and/or supervisory staff, and personnel, as well as police officers/teachers obey the laws of the State of New York and of the United States and prosecute said laws.

14. Defendant P.O.s are employees of the NYPD and working and/or at the time of the illegal search of plaintiff's person, apartment and detention of plaintiff. The names and addresses of the said other perpetrators and/or defendant NYCHA personnel are unknown to plaintiff.

FACTUAL ALLEGATIONS

15. (a) The plaintiff MCFADDEN resides in New York City, in a NYCHA building and has been an officer of Nostrand Housing (Nostrand Houses Tenant's Association a/k/a Nostrand Housing Resident's Association) for several years. MCFADDEN was a substitute teacher in the employ of the DOE in good standing. Plaintiff MCFADDEN and ZENO were officers for the Nostrand Housing, a tenant body that is elected by the tenants, residing in Nostrand Houses, buildings owned and operated by NYCHA, policed by NYPD. On information and belief ZENO held one or more positions as an official or quasi-official employee of NYCHA in Nostrand Houses. In 2009 ZENO became abusive towards the plaintiff MCFADDEN and harassed her. On

5

5/10/11 ZENO assaulted MCFADDEN physically on the premises of Nostrand Houses. ZENO hit MCFADDEN in the face and MCFADDEN blocked some of the blows to her head. MCFADDEN filed a Notice of Claim for said claim on 8/9/11.

(b)     MCFADDEN filed a second notice of claim 8/22/11 against CITY/NYCHA indicating she was the treasurer of Nostrand Housing, that DORIS ZENO had been harassing her and had given a "false check" as part of ZENO's official duties as president, caused embarrassment to plaintiff as the treasurer; caused her emotional distress.

(c)     MCFADDEN filed a third notice of claim on 8/30/11 alleging she had been slandered/defamed by ZENO had been accused of fraud and embezzlement by ZENO, that ZENO committed fraud by not properly administering checks, funds and monies involving T.A. and/or NYCHA.

(d)     On 11/28/11 a fourth notice of claim was duly filed by plaintiff against CITY/ NYCHA; Complaining of slander and defamation. Attached to the 3rd notice of claim were the other notices of claim and a 2 page single spaced typed letter from the claimant, specifying the allegations of defamation.

(e)     On 12/4/11 ZENO filed a false complaint with the NYPD which was processed by NYPD falsely alleging that the plaintiff 'attempted' to assault her with a pair of scissors. Plaintiff was arrested by NYPD officers who indicated that ZENO was a security officer in the employ of NYCHA and the President of Nostrand Houses, through a 'request' made by ZENO's 'boyfriend' NYPD P.O. Mark Sykoff (phonetic), without an arrest/ search warrant or probable cause, illegally entered the plaintiff's apartment and searched it over the protest of the defendant and neighbor, could not find alleged scissors.

6

Plaintiff called 911 first, to lodge a formal complaint that ZENO physically attacked her again. The NYPD/police officers falsely arrested, searched her premises and imprisoned the plaintiff, utilizing 'excessive force' and without a warrant. Plaintiff remained incarcerated for more than 24 hours, an order of protection issued which inhibited her freedom and she was maliciously prosecuted until her acquittal on 12/6/12.

ZENO notified the DOE that the plaintiff had been arrested for allegedly viciously assaulting ZENO with a weapon, ZENO falsely alleged that the plaintiff was a 'danger' to her students.  ZENO notified Bd. of Ed./DOE in her official capacity advising that she was President of Nostrand Houses and/or that she held a position with security. That ZENO's actions was an abuse of process and was defamatory. ZENO directly contributed to plaintiff's suspension from her job, caused plaintiff loss of income, self esteem. ZENO's actions amounted to intentional infliction of mental distress. The plaintiff suffered a miscarriage. The defendants CITY/NYCHA by its departments/agencies and the like negligently contributed to the damages sustained by plaintiff in that said co-defendants negligently set up policy or procedures that were unfair and violated plaintiff's constitutional rights, and by negligently failed to follow up and/or research the matter thoroughly which would have resulted in the withdrawal of charges exonerating plaintiff and immediate reinstatement by DOE. Plaintiff was negligently suspended by DOE. Defendants failed to thoroughly investigate the origins and/or the validity of complaints by ZENO. Plaintiff notified DOE that on 12/6/12 plaintiff was formally acquitted and supplied a certificate of disposition. DOE refused/failed to reinstate, suspending plaintiff without pay or benefits; From 12/4/11 the plaintiff had been unable to work or earn a living til 2/22/13. Plaintiff and her witnesses lived elsewhere for several

7

days still live with fear of being falsely arrested. Plaintiff's eyewitnesses were provided to the District Attorney, an ADA took the opportunity to interview them in private without defense counsel. Attorneys for NYCHA and the CITY directly intervened in the criminal prosecution of the plaintiff, offered information, counsel to Kings County District Attorney to continue to have plaintiff maliciously prosecuted, negligently never looked into or thoroughly investigated the plaintiff's initial complaints of fraud, etc. on the part of ZENO; Prior to this plaintiff had never been arrested.

(g) Notice: Defendants CITY/NYCHA have had actual and constructive notice of the defendant ZENO's malicious and fraudulent propensities. Defendants have negligently failed to investigate and/or to timely/promptly remedy or ameliorate their negligence and have in effect become liable for any and all actions that have transpired and are negligent/grossly negligent for the false arrest, false imprisonment, malicious prosecution, liable for prima facie tort, intentional infliction of mental distress. NYCHA is liable for the breach of the warranty of habitability and the covenant of quiet enjoyment to be free from harassment/ breach of contract.

(h) A 5th notice of claim notarized 2/28/11 served 3/1/12 received by the CITY on 3/2/12 spelled out the illegal search of plaintiff's apartment in Nostrand Houses without a warrant; bogus allegations of ZENO and/or NYPD, false arrest by NYPD P.O.'s the illegal search without the benefit of a search or arrest warrant, plaintiff's illegal arrest on 12/4/11. Attached to the 5th notice of claim all of the prior notices of claim duly served on CITY, NYCHA and ZENO, and are attached hereto and made a part hereof.

16.    On 12/4/11 the plaintiff MCFADDEN was falsely arrested/accused, falsely imprisoned and subjected to intolerable conditions and circumstances having falsely been

8

charged with the following crimes under the New York State Penal Law, by the N.Y.P.D. detained, arrested, incarcerated as per the request of the named defendant officers herein, NYPD and ZENO; thereafter falsely charged and maliciously prosecuted by the District Attorney of Kings County, on Docket No. 2011KNO95729. "Excessive force" was used all violating Plaintiff's constitutional rights under the U.S. and N.Y.S. Constitutions.

17. Plaintiff because of said acts of defendants was falsely accused, arrested, imprisoned, and subjected to intolerable conditions and unacceptable behavior by those who held her in custody. Other intentional and/or negligent acts of defendants included but were not limited to lengthy and intolerable interrogations and being forcibly held and falsely imprisoned for over 24 hours. Plaintiff was subjected to "excessive force" in the process which caused her to be injured- physically and/or emotionally. Plaintiff was pregnant at the time of her arrest and miscarried!

18. Plaintiff suffered from the said acts of defendants and/or failure to act including mental and emotional distress, the plaintiff was physically assaulted and/or abused by police and/or guards. The Plaintiff became ill while incarcerated and was not afforded adequate medical attention and/or treatment. Plaintiff was deprived of her liberty, the ability to earn a living and suffered lost earnings. Plaintiff now had a record of an arrest and this together with ZENO'S false allegations resulted in her being suspended as a teacher and to lose her security license which was not renewed. Plaintiff was forced to incur legal and medical expenses and the like. Defendants CITY, ZENO, NYCHA and PO THOMAS, intentionally continued the prosecution of the plaintiff; attorneys for CITY, NYCHA and ZENO pressed the District Attorney to prosecute the plaintiff criminally, intentionally withheld evidence. CITY and NYCHA negligently failed to

investigate plaintiff's allegations of fraud concerning ZENO or change its "policies".

19. City has negligently failed to properly administer it's agencies, departments and the like in regard to the prosecution, supervision and control over those accused, detained, arrested, and/or incarcerated or to consider it discriminatory policies in regard to plaintiff and her job as a substitute teacher and/or her security guard license. Negligence of CITY/NYCHA has contributed and/or is responsible for the incidents complained of and damages to plaintiff, violation of her constitutional rights.

20. CITY negligently failed to train and/or supervise, or provide: police officers and/or Assistant District Attorneys to supervise and/or control the administration of justice; as to DOE, to staff and personnel to timely process a claim for suspension without cause. NYCHA and/or NYPD failed to monitor the complaints about DORIS ZENO, to intervene to protect the rights of the plaintiff as a tenant. Said negligence caused plaintiff to suffer; violation of her constitutional rights.

21. NYPD, Mark Sykoff, who is ZENO'S 'boyfriend' was involved in the illegal arrest. Plaintiff initially called 911 which was taped. Defendants intentionally and/or negligently withheld information from the court, the plaintiff, her employer, and her defense attorney(s) that should have resulted in her immediate release, dismissal and reinstatement. The defendants ZENO, CITY and/or NYCHA actively prevented Plaintiff from being released, charges dropped, despite possessing evidence that she was innocent.

22. Defendants ZENO, CITY, NYCHA and/or NYPD police officers intentionally kept the Plaintiff under threat of criminal charges and facing jail with the hope that the Plaintiff would plead to a lesser charge and/or not sue the CITY and the NYPD. Said acts also were designed to keep her out of work without income to survive, to pay her defense.

23. The policy of plaintiff's employer DOE to dismiss/suspend any employee accused of a crime unless criminal case is dismissed and sealed is flawed and discriminatory.

24. The plaintiff was severely injured and needed medical attention and still suffers from the injuries that she sustained because of the excessive force utilized against her from the arresting officers who were crude, abusive and refused to acknowledge that plaintiff was pregnant. Plaintiff soon thereafter miscarried.

25. That the foregoing acts of the defendants negatively effected the reputation of the Plaintiff and caused her emotional disturbance.

26. That notices of claim and/or notice of intention to sue was/were duly served upon the defendants within 90 days after the said cause of action of the plaintiff accrued and are attached hereto and constructively made a part hereof.

27. That more than thirty days have elapsed since the service of the said notices of claim and/or notice of intention to sue upon defendant.

28. That the defendants and CITY comptroller and/or counsel have failed, neglected and refused to pay, settle, compromise or adjust the claims of the plaintiff herein.

29. That this action has been commenced within one year and ninety days after the cause of action of plaintiff accrued; notices of claim were served personally and/or by certified mail complaint filed 5/9/12.

30. The abuse to which the plaintiff was subjected was consistent with an institutionalized policies and/or practices of the CITY, NYCHA and/or their departments/agencies and the like, which was known to and ratified by defendants CITY/NYCHA, said defendants having at no time taken any effective action to prevent

the CITY'S/NYCHA's departments/agencies and the like NYPD DOE continuing to engage in such misconduct or to modify or change discrimination policies.

31. CITY and/or its departments/agencies and/or NYCHA had prior notice of the propensities of the defendant ZENO, their personnel and/or defendant police officers as to lack of training, but took no steps to properly train them, correct abuse of authority, discourage unlawful use of authority. Failure to properly train same included lack of instruction as to the proper procedures to protect citizens who were threatened and/or assaulted by individuals; how to handle false complaints.

32. Defendants CITY and NYCHA authorized and/or tolerated institutionalized policies, practices, ratified the misconduct herein complained of: (a) failed to properly discipline, restrict and control NYPD, DOE and/or NYCHA employees, supervisors, and supervisory staff, police officers including those posted for patrol such as the defendant ZENO (b) failing to take adequate precautions in the hiring, promotion and retention of NYPD and/or police personnel, including NYPD supervisors and/or police officers; (c) failed to forward to the office of the District Attorney of Kings County evidence of criminal acts committed by the defendant police officers NYCHA security and ZENO and withheld, destroyed evidence; and (d) failed to establish and/or assure the functioning of a meaningful departmental system for dealing with complaints of NYPD supervisors, employees and/or police misconduct; negligent failure to act to secure the safety of citizens and to prevent further violence to citizens responded to valid complaints of plaintiff and/or citizens with official denials calculated to mislead the public. Actions taken to denigrate and punish the innocent citizen who defends her case. Said conduct constitutes gross negligence under state law.

33. That by reason of the aforesaid occurrence, and defendants' negligence and the injuries which she sustained thereby the plaintiff was made sick, sore, and disabled and was caused to suffer grievous pain and agony and mental anguish from the time of the initial incident until the present, endure conscious pain and suffering, which resulted from said injuries sustained as aforesaid, all to her damage in the sum of One Million ($1,000,000.00) Dollars against each defendant individually.

## FEDERAL CAUSES OF ACTION

34. The above described actions and omissions, engaged in under color of state authority by defendants, including defendants CITY/NYCHA who are responsible because of their authorization, condonation and ratification thereof for the acts of their agents, which deprived plaintiff of rights secured to her by the Constitution of the United States, including, but not limited to, her Fourth Amendment right to be free from false arrest and imprisonment, her sixth amendment right to a fair trial and the right to be free from unjustified and excessive force utilized by police and her fourth amendment rights to be free from illegal searches and her Eighth Amendment right to be free from cruel and unusual punishment and fourteenth amendment right to due process and equal protection under the laws, pursuant to the federal statutes, Title VII and/or other federal acts involving education and/or any appropriate federal acts to protect against job discrimination.

35. NYCHA is plaintiff's landlord/managing agent for her apartment unit in Nostrand Houses a City housing project. The plaintiff has a written lease with NYCHA. Landlord as managing agent must provide her with a warranty of habitability and covenant of quiet enjoyment, in a non-harassing environment free of obtrusive invasions of privacy. Plaintiff's lease provisions have been intentionally violated by NYCHA and under Local

Law 7 of 2008 and N.Y. Administrative Code § 27–2005[d] , § 27–2115[h] and related statutes and caselaw, plaintiff is entitled to recover from said defendant for said breach/violations and hereby seeks a judgment against NYCHA in said regard.

36. ZENO slandered and/or made defamatory statements equivalent to slander per se against the plaintiff to DOE and/or others in regard to the plaintiff. ZENO also signed written statements with the NYPD and/or DA and/or NYCHA or made written complaints and allegations naming the plaintiff firstly accusing the plaintiff of assault with a deadly weapon and other criminal allegations. Which were libelous on their face and/or amounted to libel per se/ per quod is liable for defamation. Defendants CITY/NYCHA knowingly published said libels without confirming validity.

37. On information and belief the egregious actions of the defendants as set forth herein directly contributed and/or caused plaintiff to miscarry, causing her physical injury and severe mental and emotional distress.

PENDING CAUSES OF ACTION

38. The acts and conduct hereinbefore alleged constitute negligence, assault and battery, false arrest and imprisonment, malicious prosecution/abuse of process, defamation (slander and slander per se, libel, libel per se, libel per quod), prima facie tort, breach of contract and intentional infliction of emotional distress. The plaintiff's rights have been violated under the United States Constitution specifically the fourteenth amendment due process clause, sixth amendment right to a fair trial, fourth and eighth amendments and etc. and under the New York State Constitution and she seeks relief against defendants for: (1) Negligence/Gross Negligence (CITY, NYCHA, ZENO, P.O.s), (2) False arrest ( CITY, ZENO, POs), (3) False Imprisonment (CITY, ZENO,

POs), (4) Intentional infliction of mental distress (CITY, ZENO, NYCHA, POs), (5) Prima facie tort (CITY, NYCHA, ZENO, P.O.s), (6) Fraud (ZENO), (7) Abuse of Process (ZENO), (8) Filing a false complaint (ZENO, CITY, POs), (9) Assault and Battery (ZENO, CITY, POs), (10) Malicious Prosecution ( ZENO, CITY, NYCHA, POs), (11) Defamation, Slander, Slander Per Se, Libel, Libel per se, Libel Per Quod (CITY, NYCHA, ZENO), (12) Breach of Contract/Covenant of Quiet Enjoyment, Warranty of Habitability (NYCHA), (13) Compensatory damages- all defendants, (14) Punitive damages- all defendants. This Court has pendent jurisdiction to hear and adjudicate those claims.

39. Plaintiff seeks attorneys' fees, pursuant to 42 U.S.C. 1988 (b); 42 U.S.C. 1983, including court costs and disbursements if appropriate and demands a jury trial.

**WHEREFORE**, plaintiffs individually demand the following relief, jointly and severally, against all the defendants: One million ($1,000,000.00) dollars against each defendant for each tort complained of and for breach of contract for negligence/gross negligence, for false arrest, false imprisonment, assault, fraud, intentional infliction of mental distress, Prima facie tort, Abuse of Process, Filing a false complaint, defamation (slander, slander per se, libel, libel per se, libel per quod) and for breach of contract and fraud in favor of claimant against each individual defendant Punitive Damages $1,000,000.00 against each Defendant, Compensatory Damages $1,000,000.00 against each Defendant.
TOTAL AMOUNT CLAIMED:
A.   Tort Claims, one million ($1,000,000.00) dollars on each cause of action against each defendant;
B.   Breach of contract in the amount of One Million ($1,000,000.00) Dollars against NYCHA.
C.   Compensatory damages in the amount of One Million ($1,000,000.00) Dollars against each defendant;
D.   Attorneys' fees pursuant to 42 U.S.C. 1988(b); 42 U.S.C. 1983; and
E.   For such other and further relief as this Court may deem just and proper.

DATED:   New York, New York
         September 27, 2013

                                           Law Office of Stuart R. Shaw,

                                       By: _____

                            Attorney for Plaintiff
                            30 West 95th Street, 1st Fl
                            New York, NY 10025
                            (212) 661-6750, (212) 661-6594 FX

| | |
|---|---|
| TO: THE CITY OF NEW YORK,<br>c/o Corporation Counsel<br>100 Church Street, 4th Fl<br>New York, NY 10007 | DORIS ZENO,<br>2343 Batchelder Street, No. 1F,<br>Brooklyn, NY 11229 |
| THE NEW YORK CITY<br>HOUSING AUTHORITY (NYCHA),<br>250 Broadway,<br>New York, NY 10007 | POLICE OFFICER CLIVE A. THOMAS<br>POLICE OFFICERS "JOHN DOE 1-4"<br>c/o NYPD<br>1 Police Plaza<br>New York, NY 10038 |

16